# HURWITZ STAMPUR & ROTH

## ATTORNEYS AT LAW

MICHAEL HURWITZ
WILLIAM J. STAMPUR
JAMES ROTH

299 BROADWAY, SUITE 800
NEW YORK, N.Y. 10007

(212) 619-4240
FAX (212) 619-6743

January 2, 2008

**Via ECF and First Class Mail**

Honorable Robert P. Patterson
United States District Court Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: **United States v. Oktavian Kupchanko**
**06 CR 1024-04 (RPP), 07 CR 622-02 (RPP)**

Dear Judge Patterson,

Please accept this letter as an aid in sentencing Mr. Oktavian Kupchanko on January 7, 2008 pursuant to his plea of guilty to a violation of 18 U.S.C. § 1590, on Count 3 of Indictment 06 CR 1024 (RPP), and a violation of 18 U.S.C. 1951(c) on Count 9 of Indictment 07 CR 622 (RPP). The plea was entered pursuant to a plea agreement.

Mr. Kupchanko has reviewed the Presentence Report (the "PSR") with counsel and noted any objections thereto to the Probation Department.

The plea agreement sets forth the following stipulated guidelines:

**Plea Agreement**

Count 3 and Count 9 involves the same victims and are part of the same scheme and are therefore grouped pursuant to U.S.S.G. § 3D1.2(b); the offense level for Count 3, 22 pursuant to U.S.S.G. § 2H4.1(a)(1) is higher than the offense level for Count 9 and therefore it determines the base offense level pursuant to U.S.S.G. § 3D1.3(a); because at least one victim was held in a condition of involuntary servitude for more than one year, the offense level is increased pursuant to U.S.S.G. § 2H4.1(b)(3)(A); and a 3-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b). The total adjusted offense level of 22 with a Criminal History Category of I yields a guideline range of 41 to 51 months.

HURWITZ STAMPUR & ROTH

Hon. Robert P. Patterson
January 2, 2008
Page 2 of 4

## Mr. Kupchanko's Background

Mr. Kupchanko is a fifty-three year old native of the Ukraine. He grew up on a two-room farm subjected to harsh economic conditions and Communist rule. He was forced to perform farm work at an early age, under primitive conditions, and walked to school barefoot. See, PSR ¶ 77. He received two commendations for his active and highly productive results in the grain harvests of 1985 and 1988. See Exhibit A.

His mother passed away when he was one, and his father, Georgievich Kupchanku, is 83 years old and still resides in the Ukraine. See, PSR ¶ 75 Mr. Kupchanku, as set forth in the attached letter is a pensioner in poor health. He relies on his son to supplement his meager $50.00 a month pension. His wife passed away last year. Mr. Kupchanku still resides in a one room house as depicted in the attached photographs. See Exhibit B.

Mr. Kupchanko married Olga Kostasachuk in 1984 in the Ukraine and divorced after 10 years due to Mr. Kupchanko's long absences when he was employed as a long distance truck driver in Europe. They had one son, Dmitro Kupchanko, age 18 who emigrated to the United States with Mr. Kupchanko in 2004. Mr. Kupchanko subsequently married Galina Schevchio in the Ukraine and was divorced the following year. See, PSR ¶'s 79-80. He served in the Russian army from the age of 19-22.

The defendant resided in Brooklyn with his son since entering the U.S. until the time of his arrest on November 1, 2006. He was employed as a home attendant for Immediate Home Care and Personnel Home Touch Home Care reporting adjusted gross income of $29,612.00 and $40,179.00 in 2005 and 2006 respectively. See, PSR ¶'s 93, 94, 100.

During his residency in Brooklyn, he gained the respect of his friends and neighbors. Ms. Tetiana describes Mr. Kupchanko as a "kind, generous, and loyal friend." Mr. Sidorchuk states that he "is coming with help to everyone who asks." Mr. Kozah states Mr. Kupchanko "helped me against his own interests." Volodyma ad Tatitana Velenchuck describe Mr. Kupchanko as "a good, loving, and caring man who has helped many people when they required it the most including us." Mr. Lederman and Ms. Fainna state Mr. Kupchanko is "a good neighbor and will always be there to help us." See Collected Letters, Exhibit

## Offense Conduct

Mr. Kupchanko engaged with others in smuggling aliens from the Ukraine into the United States for a fee, requiring them to work to repay their debts under threats of violence as more fully set forth in PSR ¶'s 24-50.

While Mr. Kupchanko was a willing participant in the scheme and engaged in acts in furtherance of the scheme, he was not the leader or organizer of the scheme. He did not devise the scheme, have the means to obtain the fraudulent passports, did not recruit the victims, and did not received the bulk of the profits. Mr. Kupchanko was enlisted primarily to induce fear in the victims.

HURWITZ STAMPUR & ROTH

Hon. Robert P. Patterson
January 2, 2008
Page 3 of 4

## Title 18 U.S.C. §3553(a)

In the aftermath of The Supreme Court's decision in *Blakely v. Washington*, 124 S.Ct. 2531(2004), and *United States v. Booker*, 125 S.Ct. 738 (2005) ("*Booker/FanFan*") and the Second Circuit's decisions in *United States v. Crosby*, 397 F.3d 103 (2nd Cir. 2005), and *United States v. Fleming*, 397 F.3d 95 (2nd Cir. 2005), the Court must now determine the applicable guideline range and consider it along with other factors listed in Title 18 U.S.C. §3553(a) before fashioning an appropriate sentence.

In accordance with *Booker* and with the mandate of 18 U.S.C. §3553(a), the Court shall impose a sentence sufficient, but no greater than necessary to comply with the purposes set forth in paragraph (2) of this subsection including in pertinent part:

1) the nature and circumstances of the offense and the history and characteristics of the defendant;

2) the need for the sentence imposed [to satisfy certain articulated purposes],...;

3) the kinds of sentences available;

4) the kinds of sentences and the sentencing range established for the offense –;

5)

*Booker* is a remedial opinion emphasizing the provisions of §3553(a) and demanding a sentencing driven process focused on the exercise of reasoned judgment by judges. *Booker* emphasizes the purpose and broader goals of sentencing reform. Before *Booker*, the Guidelines hindered judicial evaluation of the substance of the Guidelines. In *Booker*, the court held that the Guidelines are advisory only, and thus the Guidelines should not hinder judicial evaluation of the sentence.

A pair of recent decision clarifies that the Supreme Court meant what it said in *Booker*. *Kimborough v. United States*, 128 S.Ct. 558, 76 USLW 4023. *United States v Gall*, 128 S.Ct. 586. A sentence outside the Guidelines is not per se invalid, but rather the Court applies a reasonableness standard. Id. In *Gall*, the Supreme Court held that a Court of Appeals may not require sentences that deviate substantially from the Guidelines range to be justified by "extraordinary circumstances." 128 S.Ct. 586. The Guidelines are but one of the §3553 factors to be considered and do not carry any special weight. "The Guidelines should be the starting point and the initial benchmark." But a judge must make an individualized assessment considering all the statutory factors.

Mr. Kupchanko was reared in a household and culture in which excessive drinking was pervasive. His family background contributed to his becoming an alcoholic, favoring vodka and cognac to the point of blacking out. See, PSR ¶ 86. He acknowledges his substance abuse and the need for treatment.

Mr. Kupchanko's greatest love in life is his son, Dmitro. It was the desire to provide for Dmitro economically that caused his lapse of judgment and involvement in criminal conduct.

HURWITZ STAMPUR & ROTH

Hon. Robert P. Patterson
January 2, 2008
Page 4 of 4

He had demonstrated a solid work history of 20 years in the Ukraine as a truck driver before taking his son to the U.S. in search of better educational opportunities for him.

Mr. Kupchanko enrolled Dmitro in a private school where Dmitro flourished as a student. Unfortunately, due to Mr. Kupchanko's poor choice in joining this criminal venture resulting in his incarceration, Dmitro had to drop out of private school and relocate to Philadelphia. Mr. Kupchanko's loss of income necessitated selling his modest coop to retire his outstanding debt.

Future prospects for Mr. Kupchanko and his son are bleak indeed. He is subject to deportation proceedings. Upon his imminent return to the Ukraine his economic prospects are limited. His son, without any support network in the U.S., would return as well. Dimitro requests to address your Honor on the day of sentence.

## Conclusion

For the foregoing reasons it is desperately requested that your Honor fashion a just sentence outside of the stipulated guidelines range that meets the criteria set forth in the statutory guidelines of §3553(a).

Very truly yours,

James Roth, Esq.

JR:mcb

Encls.

cc:    AUSA Wilson Leung (By ECF)
       USPO Amy Greenberg (By Fax)
       Mr. Oktavian Kupchanko

Exhibit A

ПРОЛЕТАРИИ ВСЕХ СТРАН, СОЕДИНЯЙТЕСЬ!

# ПОЧЕТНАЯ ГРАМОТА

НАГРАЖДАЕТСЯ

КУПЦАЛО АНТОНИНА ПЕТРОВНА

за высокие производственные показатели на

уборке урожая 1984 года

Председатель колхоза

Секретарь парткома

Председатель месткома

К С П С У

Колхоз "Правда" 22 июля 1984 года

**MULTILINGUAL SERVICES**
3177 Coney Island Ave.
Brooklyn, NY 11235
Tel. (718) 646-COPY

*Certified Translation, ID # 11-2104322*

*Ministry Of Education of the Russian Federation*

# CERTIFICATE OF HONOR

**Awarded**

**KUPCHANKO Oktavian Nektarovich**

**for highly productive work
during harvesting of year 1984**

Administration of Kolkhoz "Pravda"          Party bureau     (seal attached)
Professional Union                          Committee of VLKSM

                                            Kolkhoz "Pravda", 22 July 1984

## AFFIDAVIT OF ACCURACY

I, Mikhail Shalmiyev, the translator declare hereby that I am fluent in the English and
Russian languages and that the translation done by me herein is to the best of my
knowledge and belief. This is the true translation of the document submitted to me in the
Russian language.

Translator's signature ___M. Shalmiyev___

Sworn to before me

This ___27___ Day of ___DEC.___, 2007

___Alice Asher___
Notary Public

ALICE ASHER
NOTARY PUBLIC, State of New York
No. 01AS6062200
Qualified in Kings County
Commission Expires July 30, 2009

# ПОЧЁТНАЯ ГРАМОТА

### НАГРАЖДАЕТСЯ

### КУЧМАНКО ОКТЯБАН НИКИТ РОЖН

за высокие производственные показатели на уборке
урожая 1985 года

Правление колхоза

Председатель

Комитет профсоюза

**MULTILINGUAL SERVICES**
3177 Coney Island Ave, Brooklyn, NY 11235
Tel. (718) 646-COPY

*Certified Translation, ID # 11-2104322*

# CERTIFICATE OF HONOR

## Awarded

Combine Operator **KUPCHANKO Oktavian Nektarovich**
who active participation harvesting of grain during year 1988 in Sovkhoz
"Krasnyi Mayak", Belyaevsky District of Odessa Region

Director of Sovkhoz          (signature, seal attached)
Party bureau                    (signature)
Professional Union          (signature, seal attached)

## AFFIDAVIT OF ACCURACY

I, Mikhail Shalmiyev, the translator declare hereby that I am fluent in the English and
Russian languages and that the translation done by me herein is to the best of my
knowledge and belief. This is the true translation of the document submitted to me in the
Russian language.

Translator's signature ⎯⎯⎯ M. Shalmiyev

Sworn to before me

This ___27___ Day of ___DEC___, 2007

_Alice Asher_
Notary Public

ALICE ASHER
NOTARY PUBLIC, State of New York
No. 01AS6062200
Qualified in Kings County
Commission Expires July 30, 2009

**MULTILINGUAL SERVICES**
3177 Coney Island Ave
Brooklyn, NY 11235
Tel. (718) 646-COPY

*Certified Translation, ID # 11-2104322*

# CERTIFICATE OF HONOR

## Awarded

**KUPCHANKO Oktavian Nektarovich
for highly productive results
during harvesting of year 1985**

(seal attached)

*State emblem of the USSR*

Party bureau
Administration of Sovkhoz
Professional Union
Committee of VLKSM

### AFFIDAVIT OF ACCURACY

I, Mikhail Shalmiyev, translator hereby declare, that I am conversant with English and
Russian languages and that the translation made by me herein is to the best of my
knowledge and belief, a true translation of the document submitted to me in Russian
language.

Translator's signature _____ M. Shvelman

Sworn to before me

This ___27___ Day of _DEC_, 2007

_Alice Asher_
Notary Public

ALICE ASHER
NOTARY PUBLIC, State of New York
No. 01AS6062200
Qualified in Kings County
Commission Expires July 30, 2009

ПРОЛЕТАРИИ ВСЕХ СТРАН, СОЕДИНЯЙТЕСЬ!

БЛАГОДАРСТВЕННОЕ

# ПИСЬМО



Правление колхоза "Правда", партбюро
выражает сердечную благодарность
ГУШАНЮ О.Н. за помощь оказанную в
уборке урожая 1985 года и высокопроизво-
дительный труд.

Правление колхоза
Профком
Партбюро
Комитет ВЛКСМ

**MULTILINGUAL SERVICES**
3177 Coney Island Ave
Brooklyn, NY 11235
Tel. (718) 646-COPY

*Certified Translation, ID # 11-2104322*

State emblem of the USSR

# *Appreciation Letter*

Administration of Kolkhoz "Pravda", party bureau, express heartily

appreciation to KUPCHANKO O.N. for the help provided during

Harvesting-1985 and for the highly productive work

*Administration of Kolkhoz "Pravda"*
*Professional Union*

*Party bureau*
*Committee of VLKSM*

**AFFIDAVIT OF ACCURACY**

I, Roxana Gumbatova, translator hereby declare, that I am conversant with English and
Russian languages and that the translation made by me herein is to the best of my
knowledge and belief, a true translation of the document submitted to me in Russian
language.

Translator's signature   *M. Shalman*

Sworn to before me

This _27_ Day of _DEC_, 2007

Notary Public   *Alice Asher*

ALICE ASHER
NOTARY PUBLIC, State of New York
No. 01AS6062200
Qualified in Kings County
Commission Expires July 30, 2009

Exhibit B

**MULTILINGUAL SERVICES**
3177 Coney Island Ave., Brooklyn, NY 11235
Tel. (718) 646-COPY
Certified Translation, ID # 11-2104322

**Honorable Robert P. Patterson**
United States District Court Judge

Dear Sir,

I, **KUPCHANKU Nektariy Georgievich** was born on November 07, 1924 in Chernovtsi Region of Ukraine. I am citizen and resident of Ukraine.

At the age of 20 I was called-up to military air forces. I took active participation in liquidation of organized crime of the Western Ukraine after end of WWII. All my after war life I worked on agricultural farm. My main civil specialty is tractor-combine operator. I was awarded many times for the highly productive work.

Today I am retired. My monthly pension paid to me by Ukrainian Government is equivalent to $50. USD (fifty dollars USA). I am not able independently support myself. My pension is not enough even for food. My only source of livelihood is the help of my son, **KUPCHANKO Oktavian.** In addition, my health condition requests constant medical help. Unfortunately a medical service in Ukraine is paid in most cases and medicines are very expensive. Without financial support of my son I am not able to buy them. my son Oktavian is the only person who helps me in fact.

My wife LIDIA passed away last year. It had been a strong emotional trauma for me and my son.

Honorable Judge, I appeal to you as a father and as an unhealthy and old man. Please, show your tolerance to my son and don't judge him too severe. I will not survive without him and his help. In your hands is the destiny of my son also as well as mine. I am very sorry that it had happen.

Respectfully yours,

KUPCHANKU Nektariy Georgievich

**AFFIDAVIT OF ACCURACY**

I, Mikhail Shalniyev, translator hereby declare, that I am conversant with English and Russian languages and that the translation made by me herein is to the best of my knowledge and belief, a true translation of the document submitted to me in Russian language.

Translator's signature _M. Shalniyev_

ALICE ASHER
NOTARY PUBLIC, State of New York
No. 01AS6062200
Qualified in Kings County
Commission Expires July 30, 2009

SWORN TO BEFORE ME THIS ......27...... DAY OF _DECEMBER_ 2007

_Alice Asher_

Я, Куликову Нестанкий Георгиевич, родился
7 ноября 1924 года в Черниговской области, Чбез-
ось прохождение и имелись Украинец. В Армии
милицейского возрасте, я был зачислен в солдаты в
избирались батальон. Принимал участие в
войне за независимую Украину, после окончании я 2-ой миро-
вой войны. Всё после военную жизнь проработал я всю
кие хозяйстве. Основные профессии трактористокой —
винер. За успехи в труде, меня наградили...
[остальной текст написан неразборчивым рукописным почерком]

С уважением к Вам

Кунцман М. Т.

http://ww11.lycosmail.lycos.com/Mail-bin/view_submsg.cgi?TM=BRZut0rk%2FA%3D&...    1/2/2008





http://ww11.lycosmail.lycos.com/Mail-bin/view_submsg.cgi?TM=tBRZut0rk%2FA%3D&...    1/2/2008

# Exhibit C

**Honorable Robert P. Patterson**
United States District Court Judge

Dear Sir,

I, SMEREKA Tetuana Viktorovna was born on May 15, 1983 in the City of Chernovtsi, citizen of Ukraine.

I know KUPCHANKO Oktavian Nektarovich for three years already. I had with Oktavian close and good relationships.

Honorable Judge, I feel obligated to say you what a good person he is.

Octavian is a very kind, generous, and attentive person. He is wonderful and careful father, good and loyal friend. He never refused to help when one asked him.

What happened to him is a big misunderstanding. I believe in his honesty and decency.

Honorable Judge, please be favorable to this person and show him your sympathy. You have in your hands fate of a person who is not a criminal.

Oktavian KUPCHANKO is a good person. Please, don't judge him severe. My hope is with you.

Respectfully yours,

SMEREKA Tetuana

**Honorable Robert P. Patterson**
United States District Court Judge

Dear Sir,

I, citizen of USA, **SIDORCHUK, Oleksiy** DOB: 06/12/1976, reside at: 125 Brighton 11th Street, Brooklyn, NY 11235

I know **KUPCHANKO Oktavian** for more than five years. After 5 years of acquaintance with Oktavian I made certain of presence in this world of good people.

Oktavian is a person of great soul.

He is a person on whom someone may rely on in any condition - day and night. He is coming with help to everyone who asks, spending his time and attention.

What happened with Oktavian is a great grief for all of us. I know how sensitive Oktavian is. He suffers very much about his son who is without 'father' attention today.

Honorable Judge, I hope for your kindness. We believe that truth will come up and our friend KUPCHANKO Oktavian will come to us.

Thank you very much,

Respectfully yours,

SIDORCHUK, Oleksiy

**Honorable Robert P. Patterson**
United States District Court Judge

Dear Sir,

I, citizen of USA, **KOZAK Igor** DOB: 03/22/1961, reside and work in the State of New Jersey.

Honorable Judge, I appeal to you with request about my friend **KUPCHANKO Oktavian Nektarovich.**

Oktavian is torn away from everything: from his son, who has to be educated and needs father' care; from material common weal; from his father an unhealthy and unfortunate old gentleman who prays to survive on day when he would embrace his son.

Oktavian is my good friend and a wonderful person who is very seldom today. Many times he helped me against his own interests even. I know that Oktavian suffers for being kind and ill informed.

Honorable Judge, I ask you from all my heart, please show your kindness to Oktavian KUPCHANKO. He is a good person. We love him and wait him and hope for you.

Respectfully yours,

KOZAK Igor Anatolevich

# Your Honor

We are the family of Volodymyr and Tatiana Velenchuk residing at 840 Roberts Rd.
Warminster PA 18974, want to ask court a favor regarding Oktavian Kupchanko's case.

Your honor, my wife and I know Oktavian Kupchanko for a long time, since we were living in
Ukraine. We were his neighbors, therefore we know Oktavian as a good, loving and caring man,
who helped many people, when they required it the most, including us.

Our family would want to ask court, to issue the lowest verdict possible to Oktavian Kupchanko.
Everything that happened is a huge shock for us, and we think this is Oktavian's big mistake, which
he regrets. Perhaps, it was somebody's bad influence. We can also see how his son Dmitro worries
about his father.

Oktavian was born in country that was a part of Soviet Union that is why it was restrained of its
freedom, liberty and sovereignty, maybe this is the cause that lead to this terrible situation, that
Oktavian is in right now.

Many ideas that we were thought in those days were bad and unjust for us, but we did not realize
that. There are things that we do and may regret later, some of them can be fixed others cannot.

We want to ask you, your honor, when it is not to late to lower the punishment of Oktavian
Kupchanko, regarding his good past, and give him chance to do more good deeds for other people.

God bless you, and God bless America.

If you have any questions please call 215-674-8289

Volodymyr Velenchyn    12/05/07.

We live in the next apartment and know Oktavian Kupchanko for over 5 years. He is a good neighbor and very nice man. If we, neighbors, need any help, Mr. Oktavian will always be there to help us. Therefore all of the neighbors respect Oktavian Kupchanko.

Mr. Oktavian is a good father. He always pays attention to his son, Dmitro, and always takes care of him. Dmitro is one of the best students in his school, thanks to his caring father.

Oktavian is a humble but very laborious man. He can accomplish any work he begins.

Neighbors from 7D:

Mr. Lenderman and Mrs. Fainna.